UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH BROWN,

                Plaintiff,

  v.

SUE BAUER, et al.,

                Defendants.

No. C09-5656 FDB/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: February 5, 2010**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The court ordered Plaintiff Joseph Brown to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. 14. Mr. Brown filed an amended complaint(Dkt. 16), but that amendment suffers from the same deficiencies as his original complaint. The undersigned concludes that further amendment would be futile and recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

**BACKGROUND**

On October 19, 2009, Mr. Brown filed his proposed civil rights complaint. Dkt. 1. On November 3, 2009, Mr. Brown filed his proposed amended complaint (the "complaint"). Dkt. 8.

REPORT AND RECOMMENDATION - 1

On October 23, 2009, the court declined to serve Mr. Brown's complaint and ordered him to file an amended complaint or show cause why this matter should not be dismissed because he had failed to state a claim upon which relief can be granted. Dkt. 14. In his complaint, Mr. Brown purported to sue, among others, the Cowlitz County Superior Court, Cowlitz County Prosecutors' Office, the Longview Police Department, an individual police officer, and a state district attorney, claiming that while he was in jail awaiting trial on other charges, he was unlawfully charged with additional crimes on October 5, 2009. Dkt. 8, p. 3. Mr. Brown states that his due process rights were violated when his date for arraignment on the latter charges was set and that he has received no ruling on a pending motion to dismiss. *Id.* Mr. Brown requests compensation of $5,000.00 per day for unlawful incarceration, attorney's fees and for pain, suffering, and mental anguish. *Id.*, p. 4.

The court advised Mr. Brown that he had failed to state a claim under 42 U.S.C. § 1983, because his action attempts to challenge the propriety of ongoing proceedings in Cowlitz County Superior Court. Dkt. 14, pp. 3-4. In addition, the court advised Mr. Brown that when a person confined by the government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.*, p. 4. Mr. Brown was advised that claims can only be brought against people who personally participate in the alleged deprivation of a constitutional right and that the Cowlitz County Superior Court, Cowlitz County Prosecutors Office, Cowlitz County Sheriff's Office and Longview Police Department were not "persons" subject to suit under section 1983. *Id.*, p. 5. The court advised Mr. Brown that he had failed to allege facts to support any claim of constitutional harm under 42 U.S.C. § 1983 against Officer Meadows, Kayla Clifton and Rachel

REPORT AND RECOMMENDATION - 2

Anderson. *Id.* Finally, Mr. Brown was advised that prosecuting attorneys who act within the scope of their duties in initiating and pursuing a criminal prosecution are immune from a suit brought for damages under section 1983. *Id.*, p. 6.

In his proposed "First Amended Complaint", Mr. Brown purports to sue Sue Bauer, the District Attorney of Cowlitz County, James Smith, Deputy District Attorney, Officer Meadows of the Longview Police Department, and Richard Surgan, a public defender. Dkt. 16, pp. 2-3. Mr. Brown alleges that he is being wrongly accused for a crime that he did not commit, that his prosecution is racially motivated, and that the defendants are pursuing a malicious and vindictive prosecution of him. *Id.*, p. 3. Mr. Brown alleges that the police officer never conducted a proper investigation and that his appointed counsel, Richard Surgan, is trying to "sabotage [his] defense" and force him to take a plea bargain. *Id.* Mr. Brown seeks $5,000 per day for unlawful incarceration, compensation for pain and suffering, and compensation for not being able to fight to restore his parental rights. *Id.*

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

REPORT AND RECOMMENDATION - 3

1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Mr. Brown has failed to state a claim upon which relief can be granted. Mr. Brown purports to sue the prosecuting attorneys and a police officer for improperly pursuing a prosecution against him that is false, malicious and racially motivated. Dkt. 16, p. 3.

REPORT AND RECOMMENDATION - 4

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

This action challenges the propriety of ongoing proceedings in Cowlitz County Superior Court. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45 46 (1971); see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972). See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54.

REPORT AND RECOMMENDATION - 5

Mr. Brown has not plead any extraordinary circumstances warranting intervention by this Court in any ongoing state proceeding. He has also not plead any violation of rights protected by the Constitution or federal statute.

In addition, when a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In this case, Mr. Brown seeks payment of $5,000.00 per day for his unlawful incarceration. Dkt. 16, p. 3. As noted above, however, before a prisoner may sue to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. According to Mr. Brown's amended petition, however, he has not been convicted, but is awaiting trial in an ongoing state court proceeding.

REPORT AND RECOMMENDATION - 6

Finally, Mr. Brown purports to sue the state prosecuting attorneys and his public defender involved in his ongoing state court proceeding. However, a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), cert. denied, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078.

Plaintiff's public defender is not a state actor. See *West v. Atkins*, 487 U.S. 42 (1988) (when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he is not acting on behalf of the State; he is the State's adversary). As noted above, for this Court to adjudicate such a cause of action at this time would be to interfere with an ongoing state criminal case that implicates an important state interest, and for which there is adequate remedy within the state court system. See *Younger v. Harris*, supra.

## CONCLUSION

Mr. Brown was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to amend his complaint to correct its deficiencies. Construing his amended pleading in the light most favorable to him and resolving all doubts in his favor, it is

REPORT AND RECOMMENDATION - 7

clear that has failed to state a claim upon which relief can be granted and that further amendment would be futile.

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 5, 2010,** as noted in the caption.

**DATED** this 11th day of January, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8